VINCENT J. VELARDO (13610)
THOMAS J. ROLLINS (14773)
**LITCHFIELD CAVO, LLP**
2455 E. Parleys Way, Suite 320
Salt Lake City, Utah 84109
Phone: 801-410-4982
velardo@litchfieldcavo.com
rollins@litchfieldcavo.com

*Attorneys for Defendant Guardian Fall Protection*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILIP DASCOMB,<br><br>     Plaintiff,<br>v.<br><br>GUARDIAN FALL PROTECTION,<br><br>     Defendant. | **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**<br><br>Civil Case No.<br><br>Judge |

Defendant Pure Safety Group, Inc. d/b/a Guardian Fall Protection (herein "Defendant"), by and through counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, for the purpose of removing Utah Civil Case No. 210904598 in the Second Judicial District Court, of and for, Weber County, State of Utah, entitled "Philip Dascomb v. Guardian Fall Protection," to the United States District Court for the District of Utah. Defendant is entitled to remove this action pursuant to diversity jurisdiction in a controversy exceeding $75,000.00 between the necessary parties as citizens of different states as follows:

1. On September 7, 2021, Plaintiff Philip Dascomb (herein "Plaintiff") served Defendant Guardian Fall Protection (Purse Safety Group, Inc.) (herein "Defendant"), with a copy of a Thirty-Day Summons and Complaint filed in the Second Judicial District Court, in and for Weber County, State of Utah, assigned case number 210904598 (herein "State Case"). (Summons & Complaint)("Exhibit A").

2. A copy of the underlying case docket, to date, does not contemplate any case management order and is attached herewith. (State Court Docket)("Exhibit B").

3. The United States District Court, District of Utah, is the appropriate forum for this removal, as it is the federal judicial district embracing Weber County, Utah. 28 U.S.C. § 1441(a).

4. Defendant seeks removal within 30 days of service of Plaintiff's initial Pleading, and within one-year of the initiation of the action. 28 U.S.C. § 1446(b)(1); (c)(1).

5. Plaintiff alleges in his Complaint that he is, and was at all relevant times, a resident of the State of Utah, and that the injury occurred in Weber County, Utah. (Ex. A, Complaint, ¶¶ 1, 3-4).

6. Plaintiff alleges Tier 3 damages, or damages in an amount no less than $300,000. (Ex. A, Complaint, ¶44).

7. Upon Plaintiff's allegation, information, and belief Plaintiff resides in, and is domiciled in Utah.

8. Defendant Pure Safety Group, Inc. d/b/a Guardian Fall Protection is a Delaware entity, registered as a corporate foreign entity in Utah (Entity No. 12309766-0143), with its principal place of business and corporate headquarters in Pasadena, Texas.

9. Upon Plaintiff's allegation, information, and belief Plaintiff's Complaint and allegations do not contemplate assignment of claims, or other parties which would defeat diversity of jurisdiction.

10. The Parties satisfy the requirements for removal on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(1).

11. A copy of all process, pleadings, and orders served on Defendant in the underlying State Court Action are attached to this Notice of Removal, as set forth in Exhibit A and B. 28 U.S.C. § 1446(a).

12. Defendant provides written notice of the filing of this Notice of Removal promptly to all parties and to the clerk of the Second Judicial District, of and for Weber County, Utah, promptly and contemporaneous to this filing. 28 U.S.C. § 1446(d).

13. A Civil Cover Sheet is provided herewith.

14. Defendant will pay and tender the necessary filing fees with this notice of removal to the court clerk.

WHEREFORE, Defendant respectfully requests that this action be removed to and proceed hereafter in this Court, and that no further proceedings be had in the Second Judicial District Court, of and for Weber County, Utah.

Dated this 5th day of October, 2021.

        **LITCHFIELD CAVO LLP**

        */s/ Thomas J. Rollins*
        VINCENT J. VELARDO
        THOMAS J. ROLLINS
        *Attorneys for Defendant Guardian Fall Protection*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** in Civil No. 210904598, before the Second Judicial District, in and for Weber County, State of Utah, was served upon the parties listed below via the Court's electronic notification system on the 5th day of October, 2021.

**Counsel for Plaintiff**
Chris Thresher
DRIGGS, BILLS & DAY
737 East Winchester Street
Salt Lake City, UT 84107
cthresher@advocates.com

/s/ Jessica Thorsen
JESSICA THORSEN

# EXHIBIT A

Chris Thresher (15421)
**DRIGGS, BILLS & DAY, P.C.**
737 East Winchester Street
Salt Lake City, UT 84107
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
cthresher@advocates.com
**Attorney for Plaintiff**

## IN THE SECOND JUDICIAL DISTRICT COURT
## IN AND FOR WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| PHILIP DASCOMB,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN FALL PROTECTION,<br><br>Defendant. | **SUMMONS**<br>**(Thirty Day)**<br><br>Civil No. 210904598<br><br>Judge Cristina Ortega |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to file with the clerk of the above court, located at 2525 Grant Avenue, Ogden, UT 84401, Defendant's written answer to the attached Complaint, and to serve upon or mail to Plaintiff's attorney, at the address shown above, a copy of your answer within twenty - one days after service of this Summons upon you.

IF YOU FAIL TO DO SO, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the clerk of the above court and a copy of which is attached and herewith served upon you.

DATED August 31, 2021.

DRIGGS BILLS & DAY, P.C.

/s/ *Christopher H. Thresher*
Christopher H. Thresher
*Attorney for Plaintiff*

Serve Defendant at:
Guardian Fall Protection
6305 S 231st Street
Kent, WA 98032

Chris Thresher, Bar No. (15421)
**DRIGGS, BILLS & DAY, P.C.**
737 E Winchester Street
Salt Lake City, UT 84107
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
atucker@lawdbd.com
**Attorney for Plaintiff**

## IN THE SECOND JUDICIAL DISTRICT COURT
## IN AND FOR WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| PHILIP DASCOMB,<br><br>**Plaintiff,**<br><br>v.<br><br>GUARDIAN FALL PROTECTION,<br><br>**Defendants.** | **COMPLAINT**<br>**(TIER 3)**<br><br>Civil No.<br><br>Judge |

Philip Dascomb ("Plaintiff"), by and through his counsel of record, hereby alleges and complains as follows:

1. Plaintiff is a resident of the State of Utah.

2. Guardian Fall Protection ("**Defendant**"), is a corporation doing business in the State of Utah, with its principle place of business in Pasadena, State of Texas.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to UTAH CODE ANN. §§ 78A-5-102 and 78B-3-205 in that Defendants caused injury in the State of Utah.

4. Venue is proper in this forum pursuant to UTAH CODE ANN. § 78B-3-307 in that the causes of action arose in Weber County, Utah.

## GENERAL ALLEGATIONS

5. At all times pertinent, Defendant designed, manufactured, tested, inspected and sold protective harnesses.

6. The protective harnesses are designed to prevent people from falling.

7. On or about August 31, 2019, Plaintiff was using Defendant's harnesses while doing construction on the roof of a house.

8. Defendant's harness failed unexpectedly.

9. Plaintiff fell off the roof, breaking his right femur at neck, fracturing his neck, and had to have emergency surgery.

10. Due to the failure of Defendant's product, Plaintiff suffered severe injuries.

## FIRST CAUSE OF ACTION
### (Strict Product Liability)

11. Plaintiff restates and re-alleges all preceding paragraphs.

12. Defendant was the manufacturer of the protective harness.

13. The manufacturing defect, design defect, and/or warning defect was present at the time the subject harness was sold to Plaintiff.

14. The manufacturing defect, design defect, and/or warning defect made the subject harness unreasonably dangerous under Utah Code § 78B-6-702.

15. Defects in the subject harness were a direct and proximate cause of the damages sustained by Plaintiff.

16. Defendants are strictly liable for the injuries and damages sustained by Plaintiff.

## SECOND CAUSE OF ACTION
(Negligence)

17. Plaintiff restates and re-alleges all preceding paragraphs.

18. Defendant owed Plaintiff a duty to exercise reasonable care in the design, testing, labeling, manufacture, warning, installation, servicing, sale, and/or certification of the subject harness.

19. Defendant breached their duties by failing to exercise reasonable care in the design, testing, labeling, manufacture, warning, installation, servicing, sale, and/or certification of the subject harness.

20. Defendant's breach of duties directly and proximately caused Plaintiff to sustain significant bodily injuries,

21. Defendant's breach of duties directly and proximately caused Plaintiff to incur medical expenses to pay for the medical treatment he received to treat the bodily injuries.

22. Defendant's breach of duties directly and proximately caused Plaintiff to suffer past, present, and future pain; loss of enjoyment of life; temporary and permanent disability;

emotional distress; loss of independence; personality change; and increased risk of accidents and future health problems.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty against Defendants)

23. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

24. Defendant expressly warranted that the subject harness was free from defects.

25. Defendant breached their express warranties by selling Plaintiff the defective and unreasonably dangerous subject harness.

26. These breaches of warranty were a proximate cause of the injuries and damages sustained by Plaintiff.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability against Defendants)

27. Plaintiff incorporates all preceding paragraphs herein and further allege the following:

28. Defendant was a merchant with respect to the type of goods that included the subject harness, and implicitly warranted that the subject harness was merchantable.

29. Defendant breached their implied warranty of merchantability by selling Plaintiff the defective and unreasonably dangerous subject harness.

30. Defendant's breach of warranty was a proximate cause of the injuries and damages sustained by Plaintiffs.

## FIFTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for a Particular Purpose against Defendants)

31. Plaintiff incorporates all preceding paragraphs herein and further allege the following:

32. Defendant had reason to know (A) the particular purpose for which the subject harness would be used, and (B) that the purchaser of the subject harness was relying on Defendants' skill and judgment to provide a suitable product.

33. Defendant implicitly warranted that the subject harness was fit for the particular purpose for which it was required.

34. Defendant breached their implied warranty of fitness for a particular purpose.

35. Defendant's breach of warranty was a proximate cause of the injuries and damages sustained by Plaintiff.

## PUNITIVE DAMAGES

36. All of the above-stated allegations of the Complaint are incorporated herein by this reference.

37. Notwithstanding, Defendants continued to sell harnesses, failed to remedy defects through changes in design and manufacturing, failed to warn users, failed to recall the harnesses and failed to make appropriate repairs to the harnesses.

38. Defendant's conduct manifested a knowing and reckless indifference toward, and a disregard of, the rights and safety of others.

## TIER DESIGNATION

39. Plaintiff is entitled to recover from Defendants, in an amount to be proved at trial, the special and general damages directly and proximately caused by their breach of duties owed to Plaintiff.

40. Plaintiff is entitled to interest on the amount incurred on special damages pursuant to the applicable statutes of the State of Utah.

41. Plaintiff is entitled to recover from Defendant, in an amount to be proved at trial, punitive damages pursuant to the applicable statutes of the State of Utah.

42. Defendant is also vicariously liable for the acts and conduct of their agents under the doctrine of respondent superior.

43. Plaintiff is entitled to recover from Defendant, in an amount to be proven at trial punitive damages as outlined by UTAH CODE ANN. § 78B-8-201

44. Plaintiff declares this case to be a Tier 3 case, as defined by Rule 26 of the Utah Rules of Civil Procedure, in that the total amount of monetary damages exceeds three hundred thousand dollars ($300,000). Monetary damages do not include non-economic damages. Such damages and the amount thereof are the sole responsibility of the finder of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1. For special damages in a sum subject to proof at trial and interest thereon, pursuant to the applicable statues of the State of Utah.

2. For general damages in a sum subject to proof at trial.

3. For punitive damage in a sum subject to proof at trial.

4. For costs, interest, and attorneys' fees to the extent allowed by law; and

5. For such relief as the Court deems appropriate.

DATED August 31, 2021.

DRIGGS BILLS & DAY, P.C.

/s/ Christopher H. Thresher
Christopher H. Thresher
*Attorneys for Plaintiff*

**Plaintiff's Address:**
c/o Driggs, Bills, and Day
737 East Winchester Street
Salt Lake City, UT 84107

# EXHIBIT B

```
                    SECOND DISTRICT COURT - OGDEN
                     WEBER COUNTY, STATE OF UTAH


              PHILLIP DASCOMB vs. GUARDIAN FALL PROTECTION
CASE NUMBER 210904598 Product Liability
_____

CURRENT ASSIGNED JUDGE
        CRISTINA ORTEGA


PARTIES
        Plaintiff - PHILLIP DASCOMB
        Represented by: CHRISTOPHER THRESHER

        Defendant - GUARDIAN FALL PROTECTION


ACCOUNT SUMMARY
                  Total Revenue Amount Due:         375.00
                               Amount Paid:         375.00
                             Amount Credit:           0.00
                                   Balance:           0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                       Original Amount Due:         375.00
                        Amended Amount Due:         375.00
                               Amount Paid:         375.00
                             Amount Credit:           0.00
                                   Balance:           0.00


CASE NOTE


PROCEEDINGS
08-31-2021   Filed: Complaint Tier 3
08-31-2021   Case filed by efiler
08-31-2021   Fee Account created Total Due: 375.00
08-31-2021   COMPLAINT - NO AMT S Payment Received:   375.00
08-31-2021   Judge CRISTINA ORTEGA assigned.
08-31-2021   Filed: Return of Electronic Notification
09-14-2021   Filed return: Return of Service Proof of Service upon MATT
             VOLLMER for
                 Party Served: GUARDIAN FALL PROTECTION
                 Service Type: Personal
                 Service Date: September 07, 2021
                    Garnishee:
09-14-2021   Filed: Return of Electronic Notification
```