VINCENT J. VELARDO (13610)
THOMAS J. ROLLINS (14773)
**LITCHFIELD CAVO, LLP**
2455 E. Parleys Way, Suite 320
Salt Lake City, Utah 84109
Phone: 801-410-4982
velardo@litchfieldcavo.com
rollins@litchfieldcavo.com

*Attorneys for Defendant Guardian Fall Protection*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILIP DASCOMB,<br><br>    Plaintiff,<br>v.<br><br>GUARDIAN FALL PROTECTION,<br><br>    Defendant. | **ANSWER TO COMPLAINT**<br><br>Civil Case No. 1:21-cv-00137-DAO<br><br>Judge Daphne A. Oberg |

Defendant Pure Safety Group, Inc., d/b/a Guardian Fall Protection (herein "Defendant"), by and through counsel, hereby responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action against Defendant and as such should be dismissed as against Defendant Guardian Fall Protection.

## SECOND DEFENSE

In response to the specific numbered allegations set forth in the Complaint, Defendant hereby admits, denies and alleges as follows:

    1.    Deny for lack of information.

2. Defendant is Pure Safety Group, Inc., d/b/a Guardian Fall Protection is a Delaware entity, registered as a foreign entity in the State of Utah. Defendant's corporate headquarters is located in Pasadena, Texas.

## JURISDICTION AND VENUE

3. Defendant denies as Plaintiff has set forth a legal conclusion. Defendant denies for lack of information. Defendant reserves any later-discovered defense to jurisdiction. Defendant has now removed this matter to the U.S. District Court of and for the State of Utah.

4. Defendant denies as Plaintiff has set forth a legal conclusion. Defendant denies for lack of information. Defendant reserves any later-discovered defense to jurisdiction. Defendant has now removed this matter to the U.S. District Court of and for the State of Utah.

## GENERAL ALLEGATIONS

5. Deny for lack of information.

6. Deny for lack of information.

7. Deny for lack of information.

8. Deny for lack of information.

9. Deny for lack of information.

10. Deny.

## FIRST CAUSE OF ACTION
### (Strict Product Liability)

11. Defendant incorporates by reference paragraphs 1 through 10 as if fully set forth herein.

12. Deny for lack of information.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

## SECOND CAUSE OF ACTION
### (Negligence)

17. Defendant incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Deny as Plaintiff's allegation calls for a legal conclusion. Deny any remainder for lack of information.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty Against Defendants)

23. Defendant incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. Deny for lack of information.

25. Deny.

26. Deny.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability against Defendants)

27. Defendant incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Deny for lack of information.

29. Deny.

30. Deny.

## FIFTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for a Particular Purpose against Defendants)

31. Defendant incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. Deny for lack of information.

33. Deny.

34. Deny.

35. Deny.

## PUNITIVE DAMAGES

36. Defendant incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Deny.

38. Deny.

## TIER DESIGNATION

39. Deny.

40. Deny as Plaintiff has set forth a legal conclusion. Deny any remainder.

41. Deny.

42. Deny as Plaintiff has set forth a legal conclusion.

43. Deny.

44. Narrowly admit Plaintiff has designated this matter as a Tier 3 case. Deny Plaintiff is entitled to relief from Defendant.

### THIRD DEFENSE

Defendant denies each and every allegation not specifically admitted herein.

### FOURTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrine of comparative fault and the Utah Liability Reform Act.

### FIFTH DEFENSE

Defendant specifically denies it is liable, in whole or in part, for Plaintiff's alleged injuries, if any. Defendant may not be held liable for any damages or fault beyond that portion of fault specifically attributed to it, if any, under the Utah Liability Reform Act. Utah Code Ann. § 78B-5-817, et seq. Defendant hereby requests a special verdict form for the allocation of propionate fault among parties or those non-parties identified in discovery or by Defendant for allocation. Utah Code Ann. § 78B-5-819.

### SIXTH DEFENSE

Defendant hereby reserves the right to identify individuals, entities, or other non-parties for the allocation of fault, including those which may or could be later joined as parties and/or which are designated as potentially liable parties pursuant to the Utah Liability Reform Act. Utah Code Ann. § 78B-5-817, et seq.

### SEVENTH DEFENSE

Plaintiff's claims are or may be barred by the applicable statutes of limitation including but not limited to Utah Code Ann. § 78B-6-706 and/or 78B-2-307.

**EIGHTH DEFENSE**

Plaintiff's claims have failed or may have failed for failing to join necessary and indispensable parties.

**NINTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**TENTH DEFENSE**

Plaintiff's alleged damages, if any, resulted from one or more unforeseeable, independent, intervening, and/or superseding causes for which Defendant is not legally responsible or liable.

**ELEVENTH DEFENSE**

Plaintiff's Complaint, or an amendment thereto, and each cause of action therein, is barred, either in whole or in part, pursuant to Utah Code Ann. § 78B-6-701 et seq. and/or any other applicable provision of federal or state law because Defendant's product, if any, complied with all applicable codes, standards, and regulations adopted or promulgated by the United States, the State of Utah, or any and all other applicable regulatory or industry authorities.

**TWELFTH DEFENSE**

Plaintiff's damages, if any, are the direct and proximate results of the negligence or other fault of persons over whom Defendant has no control and for whose actions Defendant is not liable.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to any recover as there was no safer alternative design available that was technically and economically available or feasible under the circumstances for the alleged subject equipment.

### FOURTEENTH DEFENSE

Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others or other entities for the same injuries claimed in this lawsuit.

### FIFTEENTH DEFENSE

Plaintiff's alleged damages, if any, must be reduced in whole or in part by the amount of damages legally caused by Plaintiff's failure to mitigate such damages, if any.

### SIXTEENTH DEFENSE

Plaintiff's alleged damages, if they were caused by the subject equipment, which Defendant expressly denies, may have been caused by the misuse or improper maintenance of the equipment in contravention of warnings provided with it, visible on it, or otherwise known and obvious to users.

### SEVENTEENTH DEFENSE

Plaintiff's alleged damages, if they were caused by the subject equipment, which Defendant expressly denies, may have been caused by or attributed to the unintended, unreasonable, and improper use, misuse, alteration, servicing, maintenance, or modification which was or had been made to said subject equipment.

### EIGHTEENTH DEFENSE

Defendant hereby incorporates by reference all affirmative defenses raised by any other Defendant in this case to the extent they are applicable to this Defendant.

### NINETEENTH DEFENSE

Plaintiff's claims are, or may be barred, as the equipment at issue could not have feasibly, or economically, been manufactured in a safer manner.

### TWENTIETH DEFENSE

Plaintiff's claims are, or may be, barred as at the time the subject equipment allegedly left this Defendant's control it did not deviate from design specifications, formula, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications and had no manufacturing or installation defects. All services and products supplied by this Defendant fully complied with industry standards and practices at the time they left the hands of this Defendant, including but not limited state-of-the-art and state-of-the-industry standards.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are, or may be barred, as at the time the subject equipment left this Defendant's control it was not defective or dangerous, but rather was of merchantable quality and fit and safe for its intended use when properly maintained and operated.

### TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred or reduced to the extent there are superseding or intervening acts or omissions of persons or entities other than this Defendant.

### TWENTY-THIRD DEFENSE

The subject equipment was intended for, and sold to, knowledgeable, sophisticated, and informed users over whom this Defendant had no control and who were fully informed as to the risks and dangers, if any, associated with the subject equipment and its components, as well as the precautions, if any, required to avoid such risks and dangers.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims may be barred to the extent that the machine was known despite knowledge of any alleged defect or danger by Plaintiff, who unreasonably proceeded to make use of the machine, and in or by the acceptance of the risk.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim may be barred by spoliation of evidence.

### TWENTY-SIXTH DEFENSE

Defendant did not act with the requisite mens rea, intent, or otherwise with willful, malicious or intentionally fraudulent conduct, or conduct which manifests a knowing and reckless indifference toward and disregard of, the rights of others, or those elements necessary to demonstrate a basis for punitive damages as set forth in Utah Code Ann. § 78B-8-201, et seq., and any award is punitive damages is barred.

### TWENTY-SEVENTH DEFENSE

Plaintiff must prove every element of any alleged basis for punitive damages by clear and convincing evidence. *Id.*

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claim for punitive damages is without merit and has not been asserted in good faith and Defendant is entitled to reasonable attorneys fees incurred in the defense of this action in accordance with the provisions of Utah Code Ann. § 78B-5-825.

WHEREFORE, Defendant demands judgment dismissing the Complaint and that the Court apportion responsibility, if any, among the parties, together with the costs and disbursements of this action.

Dated this 8th day of October, 2021.

**LITCHFIELD CAVO**

*/s/ Thomas J. Rollins*
VINCENT J. VELARDO
THOMAS J. ROLLINS
*Attorneys for Defendant Guardian Fall Protection*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **ANSWER TO COMPLAINT** in Civil No. 1:21-cv-00137-DAO before the United States District Court, District of Utah, was served upon the parties listed below via the Court's CM/ECF electronic notification system on the 8th day of October, 2021.

**Counsel for Plaintiff**
Chris Thresher
DRIGGS, BILLS & DAY
737 East Winchester Street
Salt Lake City, UT 84107
cthresher@advocates.com


*/s/ Shari H. Akers*